UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD S. WALCZAK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 3:20-cv-00076 (WMC)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S PROPOSED *VOIR DIRE* QUESTIONS

Plaintiff United States Securities and Exchange Commission ("SEC") hereby submits the following proposed *voir dire* questions pursuant to the Court's May 4, 2020 Preliminary Pretrial Conference Order (Dkt. # 15) and the Court's Jury Trial Procedures for Pretrial Submissions.

 A. <u>Statement of the Case</u>.  The SEC proposes that the Court use the following statement of the case:

The SEC alleges fraudulent statements and conduct by the defendant, Edward Walczak, related to his management of a $4 billion mutual fund. Walczak started a small investment fund that later became a publicly-traded mutual fund called the Catalyst Hedged Futures Strategy Fund ("Fund").  Walczak received tens of millions of dollars in fees for his day-to-day management of the Fund's strategy, which involved trading options.

Walczak told investors he managed the Fund's risk by using a computer program to calculate the Fund's future value in different market conditions. Walczak told investors that he used that computer program on a daily basis to look for potential losses of 8% or more, which he called his "line in the sand."  According to Walczak, if his computer program ever showed a potential loss crossing his line in the sand, he would adjust the Fund's portfolio to take that risk off the table.

He made these claims over and over again on monthly calls with investors, which were recorded. Whenever Walczak was asked about the worst-case scenario, or the maximum loss that could reasonably be expected to occur, he always responded by describing his daily use of his computer program to look for potential losses of 8% or more and how he would remove that risk.

In late January and February 2017, the Fund lost more than $700 million, which was approximately 20% of its value. Instead of managing the Fund's risk in the way he told investors he would, Walczak headed to his vacation home in Hawaii and did not trade for a week. He essentially bet that his options positions would be profitable. He was wrong.

The SEC has hired an options expert who used the same computer program Walczak used to calculate the Fund's value in different market conditions. The SEC's expert determined that Walczak caused the Fund to carry a much higher level of risk that he represented to investors.

[REMAINDER TO BE PROVIDED BY DEFENDANT]

B. <u>Questions to Panel</u>. The SEC proposes asking the panel the following additional questions:

1. Have you, or any member of your immediate household, ever received any training in the following fields:

    a. Securities?

    b. Finance?

    c. Law?

2. Have you, or any member of your immediate household, ever been employed in the following fields:

    a. Securities?

    b. Finance?

    c. Law?

3. Have you, or any member of your immediate household, or any of your employers ever been investigated or charged with wrongdoing by the government?

4. Do you know anyone who has ever been investigated or charged with wrongdoing by the government?

5. Have you or any member of your immediate household ever lost money because of something you/they though was illegal, unethical or fraudulent?

6. Do you, or any member of your immediate household, trade stocks, options, mutual funds, or bonds?

7. Do you, or any member of your immediate household, have an account with a brokerage firm or an investment adviser?

8. Do you have any opinions – good or bad – about a person working in the financial industry?

9. Do you have any opinions – good or bad – about lawyers?

10. Do you have any opinions – good or bad – about stock brokers, financial planners, or investment advisers?

11. Do you have any opinions – good or bad – about the federal government?

12. Do you have any opinions – good or bad – about the U.S. Securities and Exchange Commission?

13. This is not a criminal case; it is a civil case. In other words, the government is not seeking to have these defendants imprisoned. Because of that, the standard of proof that will be used is "more likely true than not." The standard is not "proof beyond a reasonable doubt." That standard of proof only applies in criminal cases. In civil cases, like this one, the government has a lower standard of proof. In this case, the SEC has to present evidence that, considered in the light of all the facts, leads you to believe that what the SEC claims is more likely true than not. To put it a little differently, if you were to put the SEC's and the Defendants' evidence on the opposite sides of a scale,

the SEC would have to make the scale tip slightly on its side. If it meets this burden, the verdict must be for the SEC; it if fails, the verdict must be for the defendant. With this understanding of the law, would you make the SEC prove more than that standard?

## CONCLUSION

The SEC respectfully requests that the preceding questions be added to the Court's *voir dire* questions. The SEC also asks leave to tender additional *voir dire* questions as they become needed.

Dated: January 28, 2022             Respectfully submitted,

/s/ David F. Benson
David F. Benson (bensond@sec.gov)
Michael D. Foster (fostermi@sec.gov)
Jake Schmidt (schmidtj@sec.gov)
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604
Telephone: (312) 353-7390
Attorneys for Plaintiff
Securities and Exchange Commission

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2022, I served a true and correct copy of the foregoing filing on all counsel of record through the Court's ECF filing system.

/s/ David F. Benson
David F. Benson