## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-00076 (WMC) |
| | ) | |
| EDWARD S. WALCZAK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S OBJECTIONS TO
### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's scheduling order and pretrial packet, Defendant respectfully submits the following objections and proposed revisions to the Plaintiff's proposed jury instructions numbers 5,8, 11, 12, 14, 15, 16, 17, 18, and 19 as unnecessarily modifying pattern instructions, biased and misleading. Defendant has submitted alternative instructions on the same topics.

Dated: March 4, 2022

Respectfully submitted,

By: /s/ James L. Kopecky
James L. Kopecky (ILBar#6225359)
KOPECKY SCHUMACHER ROSENBURG LLC
120 N. LaSalle, Street, Suite 2000
Chicago, IL  60602
Tel. 312-380-6552
jkopecky@ksrlaw.com
*Counsel for Defendant*

By: /s/ Zachary J. Ziliak
Zachary J. Ziliak
ZILIAK LAW LLC
141 W. Jackson Blvd., Suite 4048
Chicago, IL  60604
Tel. 312-462-3350
zachary@ziliak.com
docket@ziliak.com
*Counsel for Defendant*

**IN-TRIAL INSTRUCTIONS; CAUTIONARY INSTRUCTIONS**

**Plaintiff's Proposed Instruction No. 1**

### *Cautionary Instruction Before Recess*

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.[1]

---

[1] Federal Civil Jury Instr. of the Seventh Circuit, § 2.01 (2017 rev.).

**Plaintiff's Proposed Instruction No. 2**

***Transcript of Recording***

You are about to hear a recording that has been received in evidence. This recording is proper evidence and you may consider it, just as any other evidence.

You will be given a transcript to use as a guide to help you follow as you listen to the recording. The transcript is not evidence of what was actually said or who said it. It is up to you to decide whether the transcript correctly reflects what was said and who said it. If you notice any difference between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if after careful listening, you cannot hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.[2]

---

[2] Federal Civil Jury Instr. of the Seventh Circuit, § 2.01 (2017 rev.).

## CLOSING INSTRUCTIONS

**Plaintiff's Proposed Instruction No. 3**

### *Burden of Proof*

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.  On the liability questions in the special verdict, the burden of proof is on the party contending that the answer to a question should be "yes." You should base your decision on all of the evidence, regardless of which party presented it.[3]

The SEC has the burden of proving each essential element of its claims against the Defendant by a "preponderance of the evidence," meaning that when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.[4]  In this case, the Defendant has asserted affirmative defenses in response to the SEC's claims.  These affirmative defenses are [_____].  The Defendant has the burden of proving his affirmative defenses.[5]

---

[3] Standard Jury Instr. – Civil, from Preliminary Pretrial Packet in Cases Assigned to District Judge William M. Conley (Mar. 2019 rev.).

[4] Federal Civil Jury Instructions of the Seventh Circuit, § 1.27 (2017 rev.); *SEC v. Ferrone*, No. 1:11-cv-5223 (N.D. Ill. Apr. 29, 2016), Dkt. 270, Final Jury Instr. (as adopted by the Court), at pp. 21-22; *SEC v. Steffes*, No. 1:10-cv-6266 (N.D. Ill. Jan. 24, 2014), Dkt. 290, Final Jury Instr. (as adopted by the Court), at p. 21.

[5] *EEOC v. Wal-Mart Stores, Inc.*, 503 F. Supp. 3d 801, 817 (W.D. Wisc. 2020); *SEC v. Christian Stanley, Inc.*, No. CV-11-7147-GHK (MANx), 2012 WL 13009138 at *1 (C.D. Cal. Apr. 4, 2012).

**Plaintiff's Proposed Instruction No. 4**

### *Consideration of All Evidence Regardless of Who Produced*

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.[6]

---

[6] Federal Civil Jury Instr. of the Seventh Circuit, § 1.08 (2017 rev.).

**Plaintiff's Proposed Instruction No. 5**

### *Prior Inconsistent Statements*

You may consider statements given by the Defendant before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony here in court. This rule applies regardless of whether the Defendant's prior statement was made under oath or not.

With respect to other witnesses, the law is different. *If* you decide that, before the trial, one of these witnesses (a) made a statement that *was not* under oath and (b) that statement is inconsistent with his testimony here in court, *then* you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

But, *if* you decide that, before the trial, a witness (a) made a statement that *was* under oath and (b) that statement is inconsistent with his testimony here in court, *then* you may consider the earlier statement as evidence of the truth of what he said in the earlier statement, as well as in deciding what weight to give his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.[7]

---

[7] *See* Federal Civil Jury Instr. of the Seventh Circuit, § 1.14 (2017 rev.); *see also* Fed. R. Evid. 801(d)(1) (a declarant-witness's prior inconsistent statement is not hearsay if the declarant-witness testifies and is subject to cross-examination about the prior statement, and the prior statement was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition)

**Plaintiff's Proposed Instruction No. 6**

### *Summaries* **[IF APPLICABLE]**

Certain summary exhibits are in evidence.  Unless disputed at trial, you may assume those exhibits accurately summarize the information or data set forth in the larger set of documents that underly the summary.[8]

---

[8] Federal Civil Jury Instr. of the Seventh Circuit, § 1.23 (2017 rev.) ("Certain summary exhibits are in evidence.  It is up to you to decide if the summaries are accurate.") (as modified by the Court in *SEC v. Bluepoint Investment Counsel, LLC, et al.*, No. 3:19-cv-00809-wmc (W.D. Wis.)).

**Plaintiff's Proposed Instruction No. 7**

### *Jury Not to Consider Relief*

In deciding this case, you are to determine only whether the Defendant is liable for violating the securities laws.  This is not the kind of case in which the jury decides what legal relief the Plaintiff would be entitled to receive.  That will be my responsibility if you find the Defendant liable.  Accordingly, in considering whether the Defendant is or is not liable, you should not consider the amount of damages, civil penalties or other relief that may or may not be awarded.[9]

---

[9] *SEC v. Steffes*, No. 1:10-cv-6266 (N.D. Ill. Jan. 24, 2014), Dkt. 290, Final Jury Instr. (as adopted by the Court) at p. 30; *see also SEC v. Maxxon, Inc.*, 465 F.3d 1174, 1179 (10th Cir. 2006); *SEC v. Koenig*, 532 F. Supp. 2d 987, 993-94 (N.D. Ill. 2007), *aff'd* 557 F.3d 736 (7th Cir. 2009); *SEC v. Lipson*, 129 F. Supp. 2d 1148, 1151-54 (N.D. Ill. 2001).

**LIABILITY**

**Plaintiff's Proposed Instruction No. 8**

***Separate Violations at Issue***

The SEC asserts substantive counts against the Defendant.  Each claim that the SEC alleges against the Defendant involves a different law and includes different elements of proof. Broadly, the SEC claims that the Defendant, while portfolio manager of the Catalyst Hedged Futures Strategy Fund, defrauded investors by making false and misleading statements about how he managed the risk of the Fund.

I will instruct you on the specific elements that the SEC must prove to establish a violation of each law a bit later, but for now here is an outline.

1. In Count I, the SEC contends that the Defendant violated Section 17(a) of the Securities Act of 1933 in one or more of the following ways: (a) by employing devices, schemes and artifices to defraud; (b) by obtaining money by means of false or misleading statements; or (c) by engaging in transactions, practices, and courses of business which operated as a fraud or deceit upon the purchasers of shares of the Fund.

2. In Count II, the SEC contends that the Defendant, while acting as an investment adviser, violated Section 206(1) of the Investment Advisers Act of 1940 by knowingly or recklessly engaging in devices, schemes, and artifices to defraud the Fund.  The SEC further contends that the Defendant, while acting as an investment adviser, violated Section 206(2) of the Advisers Act by engaging in transactions, practices, and courses of business which operated as a fraud or deceit on the Fund.

3.  In Count III, the SEC contends that Catalyst Capital Advisers, LLC, while acting as an investment adviser, violated Section 206(2) of the Advisers Act by engaging in transactions, practices, and courses of business which operated as a fraud or deceit on the Fund and that the Defendant knowingly or recklessly aided, abetted, counseled, commanded, induced, or procured Catalyst's violation of Section 206(2) of the Advisers Act. You do not need to consider Count III if you find the Defendant liable on Count II.

4.  In Count IV, the SEC contends that the Defendant, while acting as an investment adviser to the Catalyst Hedged Futures Strategy Fund, violated Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, by: (a) making untrue statements of material fact; (b) omitting to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) engaging in acts, practices, and courses of business that were fraudulent, deceptive, or manipulative with respect to investors in the Fund.

5.  In Count V, the SEC contends that Catalyst Capital Advisers, LLC, while acting as an investment adviser to the Catalyst Hedged Futures Strategy Fund, violated Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, in one or more of the following ways: (a) by making untrue statements of material fact; (b) by omitting to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) by engaging in acts, practices, and courses of business that were fraudulent, deceptive, or manipulative with respect to investors in the Fund.  The SEC also alleges that the Defendant knowingly or recklessly aided, abetted, counseled, commanded, induced,

or procured Catalyst's violation of Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder. You do not need to consider Count V if you find the Defendant liable on Count IV.

You need not find that the Defendant committed all of the alleged violations in order to find that the Defendant committed one or more of the alleged violations.  Likewise, should you find the Defendant liable for one of the alleged violations, the Defendant is not necessarily liable for any other alleged violation.[10]

---

[10] Adapted from 4 LEONARD B. SAND, ET AL., MODERN FEDERAL JURY INSTRUCTIONS (CIVIL) ¶¶ 82.01 & 83.01, Instr. 82-1 & 83-1 (2020).

**Plaintiff's Proposed Instruction No. 9**

### *Securities*

Shares of Catalyst Hedged Futures Strategy Fund are "securities."[11]  You must now treat this fact as having been proved for the purpose of this case.[12]

---

[11]  *See SEC v. Sentinel Mgmt. Grp., Inc.*, No. 07 C 4684, 2012 WL 1079961, at *10 (N.D. Ill. Mar. 30, 2012) ("It is well-established that mutual funds are securities that are subject to the securities laws.") (citing *Peoria Union Stock Yards Co. Retirement Plan v. Penn Mut. Life Ins. Co.,* 698 F.2d 320, 324 (7th Cir.1983)); *US v. Faulhaber*, 929 F.2d 16, 19 (1st Cir. 1991) ("Without a doubt a share in a mutual fund has the significant character of a security and with this our legal imprimatur is more than adequate."); *see also Tcherepnin v. Knight*, 389 U.S. 332, 343, 88 S. Ct. 548, 557, 19 L. Ed. 2d 564 (1967) ("[W]e have little doubt that such shares [of mutual funds] are securities within the meaning of the Securities Exchange Act").

[12] *Cf.* Federal Civil Jury Instr. of the Seventh Circuit, § 2.01 (2017 rev.) (stating that stipulations of fact "must" be treated as having been proved for the purpose of the case).

**Plaintiff's Proposed Instruction No. 10**

### *Pooled Investment Vehicle*

The Catalyst Hedged Futures Strategy Fund is a "pooled investment vehicle."[13]  You

must now treat this fact as having been proved for the purposes of this case.[14]

---

[13] *See Steinberg v. Janus Cap. Mgmt., LLC*, 457 F. App'x 261, 263 (4th Cir. 2011) ("A mutual fund is a pooled investment vehicle that collects money from many investors and invests it in securities such as stocks, bonds, and short-term money market instruments."); *In re Fid. Erisa Fee Litig.*, No. CV 19-10335-LTS, 2020 WL 759542, at *1 (D. Mass. Feb. 14, 2020), *aff'd*, 990 F.3d 50 (1st Cir. 2021) (controversy involving "pooled investment vehicles commonly known as 'mutual funds'").

[14] *Cf.* Federal Civil Jury Instr. of the Seventh Circuit, § 2.01 (2017 rev.) (stating that stipulations of fact "must" be treated as having been proved for the purpose of the case).

**Plaintiff's Proposed Instruction No. 11**

### *Defendant Walczak is an "Investment Adviser"*

The Defendant admits that he is an "investment adviser."[15] You must now treat this fact as having been proved for the purpose of this case.[16]

---

[15] Defendant's Answer (Dkt. #30), at Affirmative Defenses #2 (Defendant "earned fees for the services he provided for the Fund") and #8 ("Mr. Walczak exercised his business judgment as a prudent, investment fiduciary.").

[16] Federal Civil Jury Instr. of the Seventh Circuit, § 2.01 (2017 rev.).

**Plaintiff's Proposed Instruction No. 12**

### *Catalyst Capital Advisors LLC is an "Investment Adviser"*

The Defendant admits that Catalyst Capital Advisors LLC is an "investment adviser."[17]

You must now treat this fact as having been proved for the purpose of this case.[18]

---

[17] Defendant's Answer (Dkt #13) at ¶ 107; Defendant's Response to Plaintiff's Statement of Proposed Findings of Fact (Dkt. #35) at ¶ 17.

[18] Federal Civil Jury Instr. of the Seventh Circuit, § 2.01 (2017 rev.).

**Plaintiff's Proposed Instruction No. 13**

### *Interstate Commerce*

The Defendant admits that he used the instrumentalities of interstate commerce to make the statements at issue in this case.[19] You must now treat this fact as having been proved for the purpose of this case.[20]

---

[19] Defendant's Response to Plaintiff's Statement of Proposed Findings of Fact (Dkt. #35) at ¶ 7 (stating that it is "[u]ndisputed that Mr. Walczak used means of interstate commerce, including via telephone and email, to engage in communications regarding the Fund and spoke on multiple conference calls about the Fund.").

[20] Federal Civil Jury Instr. of the Seventh Circuit, § 2.01 (2017 rev.).

**Plaintiff's Proposed Instruction No. 14**

**Sections 17(a)(1), 17(a)(2), 17(a)(3) of the Securities Act**

The SEC has charged the Defendant with violating Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act.

The SEC has the burden of proving each of the following elements by the preponderance of the evidence against the Defendant:

First, the Defendant, directly or indirectly, did one or more of the following in the offer or sale of any security:

(1)      employed a device, scheme, or artifice to defraud (Section 17(a)(1)); or

(2)      obtained money or property by means of any untrue statement of material fact (Section 17(a)(2)); or

(3)      obtained money or property by omitting a material fact necessary under the circumstances to keep the statements that were made from being misleading (Section 17(a)(2)); or

(3)      engaged in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser (Section 17(a)(3)).

The words "directly" and "indirectly" should be given their straightforward meaning.

The phrase "in the offer or sale of any security" is to be "define[d] broadly."[21]   The phrase is "expansive enough to encompass the entire selling process" and "does not require that the fraud occur in any particular phase of the selling transaction."[22]

---

[21] *U.S. v. Naftalin*, 441 U.S. 768, 773 (1979).

[22] *Id.*; *see also SEC v. Wey*, 246 F. Supp. 3d 894, 913 (S.D.N.Y. 2017).

Fraud is a general term that embraces all ingenious efforts and means that individuals devise to take advantage of others. The law that the Defendant is alleged to have violated prohibits all kinds of manipulative and deceptive acts.[23]

A "device, scheme or artifice to defraud"; "false and misleading statements or omissions"; and "acts, practices, or courses of business which operate as frauds or deceit" may overlap. The same conduct may satisfy one or more of these types of fraud.[24]

To prove that the Defendant employed a device, scheme, or artifice to defraud, the SEC may prove that the defendant engaged in conduct that had the principal purpose and effect of creating a false appearance of fact in furtherance of a scheme. It is not enough that a transaction had a deceptive purpose and effect; the defendant's own conduct that contributed to the transaction or overall scheme must have had a deceptive purpose.[25]

The SEC also can prove that a defendant committed a fraudulent act by showing that he made an untrue statement of a material fact or omitted to state a material fact necessary in order to make a statement made, in light of the circumstances under which it was made, not

---

[23] *See U.S. v. Charney*, 537 F.2d 341, 347-48 (9th Cir. 1976); *see also SEC v. Ferrone*, No. 1:11-cv-5223 (N.D. Ill. Apr. 29, 2016), Dkt. 270, Final Jury Instr. (as adopted by the Court), at p. 2.
[24] *Lorenzo v. SEC,* 139 S. Ct. 1094, 1101-1104 (2019); *Malouf v. SEC*, 933 F.3d 1248, 1260-61 (10th Cir. 2019).
[25] Exchange Act Rule 10b-5(a), 17 C.F.R. § 240.10b-5(a); *Lorenzo v. SEC,* 139 S. Ct. at 1101-1104; *Malouf v. SEC*, 933 F.3d 1248, 1260-61 (10th Cir. 2019); 4-82 LEONARD SAND, ET AL., MODERN FEDERAL JURY INSTRUCTIONS (CIVIL)*, ¶ 82.02, Instruction 82-4 (2020 ); *SEC v. Cherif*, 933 F.2d 403, 412-413 (7th Cir. 1991) (affirming conviction under Section 10(b) and Rule 10b-5 because defendants "actions were fraudulent in the common understanding of the word because they deprived some person of something of value by trick deceit, chicane or overreaching") (internal quotation marks omitted); *see also Chadbourne & Park LLP. v. Troice*, 134 S. Ct. 1058, 1063 (2014).

18

misleading.[26]  An omission renders a statement materially misleading when it creates an impression of a state of affairs that differs in a material way from the one that actually exists.[27]

A statement that expresses an opinion or prediction is untrue if made without a genuine belief in the opinion or prediction.[28]  Forward-looking statements are misleading if they lacked any reasonable basis when they were made or if they were false and misleading in light of events that had already occurred.[29]  Further, an opinion or statement is misleading if the statement omits a material fact about the speaker's inquiry into or knowledge concerning a statement of opinion, and the omitted fact conflicts with what a reasonable investor would take from the statement itself.[30]

A factual statement concerning a security is "material" if the SEC establishes by a preponderance of the evidence that there is a substantial likelihood a reasonable investor would consider the fact important in deciding whether or not to buy or sell that security.  But you do not have to find that the statement was the most important statement made to the investor, or even that it was more important than other statements.[31]  An omission concerning a security is

---

[26] Exchange Act Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b).

[27] *Kelsey v. Allin*, 2016 WL 825236, at *4 (N.D. Ill. Mar. 2, 2016) (quoting *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002)).

[28] *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S.Ct. 1318, 1327 (2015); *SEC v. Infinity Grp. Co.*, 212 F.3d 180, 194 (3d Cir. 2000); *SEC v. Reynolds*, 2008 WL 3850550, at *4–5 (N.D. Tex. Aug. 19, 2008).

[29] *SEC v. Bluepoint Inv. Couns., LLC*, No. 19-CV-809-WMC, 2021 WL 719647, at *19 (W.D. Wis. Feb. 24, 2021); *see also SEC v. Ustian*, 229 F. Supp. 3d 739, 767 (N.D. Ill. 2017); *SEC v. Merchant Capital, LLC,* 483 F.3d 747, 769 (11th Cir. 2007) (holding that statements were misleading when the materially unfavorable events had already occurred when the optimistic statements were made).

[30] *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S.Ct. 1318, 1328-29 (2015).

[31] *SEC v. Monterosso*, 768 F. Supp. 1244, 1265 (S.D. Fla. 2011) ("[T]he materiality inquiry is not concerned with what disclosures may be *most* important to a reasonable investor.") (emphasis in original); *United States v. Ferguson*, 553 F. Supp. 145, 155 n.13 (D. Conn.

"material" if a reasonable investor would have regarded what was not disclosed to him or her as having significantly altered the total mix of information he or she took into account in deciding whether to buy or sell the security. You must decide whether something was material based on the circumstances as they existed at the time of the statement or omission and all the information available to the hypothetical reasonable investor at the time.[32] It is not proper to consider whether certain misstatements or omissions are immaterial in isolation.[33] It is only necessary for you to find one material misstatement or omission to find the defendant liable.[34]

The SEC need not prove that any particular purchaser or seller of securities actually relied on any alleged material misrepresentations or omissions made by the Defendant.[35]

A "device" is an invention, a contrivance, or the result of some plan or design. A "scheme" is a design or a plan formed to accomplish some purpose. An "artifice" is an

---

2008) ("[A] misstatement is material so long as investors would consider the misstated facts significant in making investment decisions, even if investors would consider other information to be more important."); *Charney v. Zimbalist*, 2014 WL 5064860, at \*26 (S.D.N.Y. 2014), *rev'd in part on other grounds*, 2015 WL 4597538 (holding that a statement is material "so long as investors would consider the misstated facts significant in making investment decisions, even if investors would consider other information to be more important"); *United States v. Reyes*, 2007 WL 2554227, at \*3 (N.D. Cal. 2007) ("[A]lthough investors consider some information *more important* than non-cash compensation expenses, it does not follow that they consider stock options expenses *unimportant*.") (emphasis in original).

[32] *SEC v. Morgan Keegan & Co.*, 678 F.3d 1233, 1248 (11th Cir. 2012) (emphasis in original).

[33] *SEC v. Bluepoint Inv. Couns., LLC*, No. 19-CV-809-WMC, 2021 WL 719647, at \*20 (W.D. Wis. Feb. 24, 2021) ("[I]t is not proper to argue that certain misstatements are immaterial in isolation.").

[34] *Basic Inc. v. Levinson*, 485 U.S. 224, 236 (1988) (quoting *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 450 (1976)).

[35] *SEC v. Bluepoint Inv. Couns., LLC*, No. 19-CV-809-WMC, 2021 WL 719647, at \*14 (W.D. Wis. Feb. 24, 2021) ("[R]eliance is not an element of an SEC enforcement action . . . .")) ; *SEC v. Morgan Keegan & Co.*, 678 F.3d 1233, 1244 (11th Cir. 2012); *SEC v. Bancorp*, 195 F. Supp.2d 475, 490-92 (S.D.N.Y. 2002) (citing cases holding that the SEC does not need to prove reliance); *SEC v. Slocum, Gordon & Co.*, 334 F. Supp. 2d 144, 170 (D.R.I. 2004) (listing the elements of Section 10(b) violation as not including reliance and loss causation where the SEC is a plaintiff); *see also* Exchange Act Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b); *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011).

ingenious contrivance or plan of some kind.  A "device, scheme, or artifice to defraud" means the forming of some invention, contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.[36]

The phrase "a fraud or deceit upon a client or prospective client" means, simply, a lie or a trick.[37]

The phrase "would operate" means that the transaction, practice, or course of business has the capacity to defraud a client or prospective client.[38]

The SEC does not need to prove that any client or prospective client was actually defrauded or actually lost money or suffered any other injury.[39]

The Defendant engages in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon any person if he engages either in a single act or in repeated conduct over a period of time that did, or could have, succeeded in defrauding someone.  The word "would" in the phrase "would operate as a fraud or deceit" means that the acts, practices or courses of business could have succeeded in defrauding someone.  It does not require proof that the conduct actually succeeded in defrauding someone.[40]

---

[36] *Aaron v. SEC*, 446 U.S. 680, 695 n.13 (1980); 2B FEDERAL JURY PRACTICE AND INSTRUCTIONS §62.13 (6th ed. 2014)

[37] *SEC v. Swenson*, No. 1:13–cr–00091–BLW, 2014 WL 4071034, at *7 (D. Idaho Aug. 15, 2014) (referencing 2B FEDERAL JURY PRACTICE AND INSTRUCTIONS §62.10 (6th ed. 2006)).

[38] *SEC v. SBM Inv. Certificates, Inc.*, Civil Action No. DKC 2006–0866 (D. Md. Feb. 23, 2007), 2007 WL 609888, at *14 *SEC v. Hopper*, No. Civ. A. H-04-1054 (S.D. Tex. Mar. 24, 2006), 2006 WL 778640, *13; 3B FEDERAL JURY PRACTICE AND INSTRUCTIONS §162:250 (6th ed. 2014)

[39] *See Capital Gains Rsch. Bureau, Inc.*, 375 U.S. 180, 195 (1963).

[40] Exchange Act Rule 10b-5(c), 17 C.F.R. § 240.10b-5(c); *SEC v. Hopper*, No. Civ. A. H-04-1054, 2006 WL 778640 at *13 (S.D. Tex. 2006) (construing the identical language in Section 17(a)(3) and concluding that words "'*would* operate' as a fraud or deceit upon the purchaser . . . indicates that the transaction, practice, or course of business need not have actually operated as a

Second, to prove that the defendant violated Section 17(a)(1) of the Securities Act, the SEC must prove by a preponderance of the evidence that the Defendant acted "knowingly" or "recklessly."   This is sometimes referred to as the required state of mind, or scienter, of the defendant.   It is not enough to show that the defendant acted accidentally, or merely made a mistake, or even that he was negligent.   Rather, it must be shown that the defendant acted with a mental state embracing intent to deceive, manipulate or defraud.[41]

The term "knowingly" means to act intentionally and deliberately, rather than mistakenly or inadvertently.[42]

To act "recklessly" means to engage in conduct which involves an extreme departure from the standard of ordinary care.   A person acts recklessly if the risk is known to him, or it is obvious that an ordinary person under the circumstances would have realized the danger and taken care to avert the harm likely to follow.   A person may be reckless within the meaning of the law even though he thought himself to be careful.   But recklessness is more than mere negligence.   Reckless conduct represents grossly unreasonable, rash or intemperate behavior.[43]

Facts giving rise to motive and opportunity may also support a finding of recklessness.[44]

---

fraud on any particular purchaser"); *see also SEC v. O'Meally*, No. 06-cv-6483 (S.D.N.Y. 2011), Dkt No. 112, Proposed Jury Instr., at pp. 35-37; *SEC v. Fink*, No. 04-80841 (S.D. Fla. 2005) Dkt. No. 62, Court's Jury Instr. at pp.15-17.

[41] *Ernst & Ernst v. Hochfelder*, 425 U.S. 285, 193 n.12.(1976)

[42] *SEC v. Ferrone, et al.*, 11-cv-05223 (N.D. Ill. 2016), Dkt. No. 270, Jury Instr. at 23; *SEC v. Steffes, et al.*, 10-cv-06266 (N.D. Ill. 2014), Dkt. No. 290, Jury Instr. at 27.

[43] *Sundstrand Corp. v. Sun Chem. Corp.*, 553 F.2d 1033, 1044-45 (7th Cir. 1977); *In re Neopharm, Inc. Sec. Litig.*, No. 02-C-2976, 2003 WL 262369, at *14 (N.D. Ill. Feb. 7, 2003) (quoting *Rehm v. Eagle Fin. Corp.*, 954 F. Supp. 1246, 1255 (N.D. Ill.1997) (citations omitted)).

[44] 4-82 LEONARD SAND, ET AL., MODERN FEDERAL JURY INSTRUCTIONS (CIVIL), ¶ 82.02, Instruction 82-8 (2020 ); *SEC v. Jakubowski*, 150 F.3d 675, 681 (1998); *Sanders v. John Nuveen Co.*, 554 F.2d 790, 792-93 (7th Cir. 1977); *US v. LaPlante*, 714 F.3d 641, 644 (1st Cir. 2013) (affirming jury charge in which district court explained that "[d]irect proof of intent . . . is not required; intent may be 'established by circumstantial evidence'").

The question of whether a person acted knowingly because he either intended to defraud or was reckless is a question of fact for you to determine, like any other fact question. It is a question involving the state of mind of the Defendant. Direct proof of state mind is almost never available, and it is not required. Therefore, whether the Defendant acted knowingly or recklessly may be established by circumstantial evidence based on a person's words, conduct, acts, and all the surrounding circumstances and the reasonable inferences that may be drawn from them. You may also consider the Defendant's knowledge of the markets in general or evidence regarding his business experience.[45]

While the SEC must establish scienter to prove a violation of subsection (1) of Section 17(a), negligence is sufficient to prove a violation of subsections (2) and (3) of Section 17(a). This means that even if you find that the Defendant did not violate Section 17(a)(1) because he did not act with scienter, you may still find that he acted negligently in violation of Sections 17(a)(2) and (3).[46] On the other hand, if you find that the Defendant acted knowingly or

---

[45]*SEC v. Lyttle*, 538 F.3d 601, 603-04 (7th Cir. 2008); *SEC v. Ustian*, No. 16-C-3885, 2019 WL 7486835, at *36 (N.D. Ill. Dec. 13, 2019) ("The SEC can establish scienter through circumstantial evidence.") (citing *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 n.30, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983)). *See also, e.g.*, *S.E.C. v. Randy*, 38 F. Supp. 2d 657, 670-71 (N.D. Ill. 1999) (concluding that defendant, who was "well-versed in the insurance industry," acted knowingly by failing to conduct reasonable due diligence into a fraudulent issuer and ignoring warnings that should have put him on notice that that further investigation was necessary to avoid misleading potential investors); *SEC v. Montana*, 464 F.Supp.2d 772, 783-84 (S.D. Ind. 2006) (finding that defendants acted with scienter based on circumstantial evidence that defendants ignored warnings that should have triggered investigations, failed to conduct due diligence into a fraudulent trading platform for which they solicited investors, a defendant "had to have known" his statements were false given his knowledge that investor funds were being used in a manner contrary to his representations); *SEC v. Kenton Capital, Ltd.*, 69 F. Supp. 2d 1, 10 (D.D.C. 1998) (concluding that defendant's baseless representations of incredible returns, coupled with his experience in the securities industry, was "more than adequate to establish the requisite scienter").
[46] *Aaron v. SEC*, 446 U.S.680, 695–97 (1980).

recklessly, you do not need to consider whether that defendant also acted negligently.[47] Negligence is simply the minimum that you must find.

"Negligence" is the failure to use reasonable care, which is the degree of care that a reasonably careful person would use under like circumstances.  Negligence may consist either of doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Third, the Defendant has already admitted that the he used interstate commerce to make the statements at issue in this case. You must now treat this fact as having been proved for the purpose of this case.

If you find that the SEC has proven each of the above elements with respect to the Defendant by a preponderance of the evidence, your verdict should be for the SEC on that count. If, on the other hand, the SEC has failed to prove any of these elements against the Defendant by a preponderance of the evidence, then your verdict should be in favor of the Defendant.

---

[47] *SEC v. Bluepoint Inv. Couns., LLC*, No. 19-CV-809-WMC, 2021 WL 719647, at *14 (W.D. Wis. Feb. 24, 2021).

**Plaintiff's Proposed Instruction No. 15**

*Advisers Act Sections 206(1) and 206(2)*

The SEC has charged the Defendant with violations of Sections 206(1) and 206(2) of the Advisers Act. The elements of these claims are substantially similar to the elements of claims under Section 17(a) of the Securities Act.[48]

The SEC has the burden of proving each of the following elements by the preponderance of the evidence against the Defendant:

First, the Defendant is an investment adviser. Because the Defendant admits that he is an investment adviser, you must now treat this fact as having been proved for the purpose of this case.

Second, the Defendant, directly or indirectly, did at least one of the following:

(1)    employed a device, scheme, or artifice to defraud a client or prospective client (Section 206(1)); or

(2)    engaged in a transaction, practice, or course of business which operated or would operate as a fraud or deceit upon a client or prospective client (Section 206(2)).[49]

I have already explained these concepts to you when I instructed you about Section 17(a) of the Securities Act.

Third, the Defendant acted with the required state of mind. There are several ways that the SEC may satisfy the state of mind requirement. The SEC may show that the Defendant acted

---

[48] *See, e.g.*, *SEC v. Penn*, 225 F. Supp. 3d 225, 237 (S.D.N.Y. 2016) ("The elements of a claim under Section 206 are similar to the elements of a claim under Rule 10b-5 and identical to a claim under Section 17(a) of the Securities Act.") (internal citation omitted) (citing *TAMA*, 444 U.S. at 25 n.1 (White, J. dissenting)); *SEC v. Pimco Advisors Fund Mgmt., LLC*, 341 F. Supp. 2d 454, 470 (S.D.N.Y. 2004).

[49] 15 U.S.C. §§80b-6(1), (2)

"knowingly" or "recklessly." To prove that the Defendant violated Section 206(2) by engaging in a fraudulent or deceptive transaction, practice, or course of business, the SEC may show that the Defendant acted negligently.[50] If you find that the Defendant acted knowingly or recklessly, you do not need to decide whether he acted negligently. I have already explained these concepts to you.

The SEC has charged the Defendant with defrauding the Catalyst Hedged Futures Strategy Fund in violation of Sections 206(1) and 206(2) of the Advisers Act. For these charges, the Fund is the client, not the investors in the Fund.[51]

Unlike the antifraud provisions of the Securities Act, Section 206 of the Advisers Act does not require that the activity be in the offer or sale of any security.[52]

---

[50] *SEC v. Tambone*, 550 F.3d 106, 146 (1st Cir. 2008), *rev'd in part on other grds.*, 597 F.3d 436 (1st Cir. 2010); *SEC v. EagleEye*, 975 F.Supp.2d 151, 155-58 (D. Mass. 2003). *See also SEC v. Washington Investors Network*, 475 F.3d 392, 395-96 (D.C. Cir. 2007); *SEC v. DiBella*, No. 04-cv-1342 (EBB), 2007 WL 2904211, *11 (D. Conn. Oct. 3, 2007), *aff'd*, 587 F.3d 553 (2nd Cir. 2009).
[51] *Goldstein v. SEC*, 451 F.3d 873, 881 (D.C. Cir. 2006)
[52] *SEC v. KW Brown and Co.*, 555 F.Supp.2d 1275, 1308 (S.D. Fla.2007).

**Plaintiff's Proposed Instruction No. 16**

### *Fiduciary Duty*

In considering whether the Defendant violated Sections 206(1) and 206(2) of the Advisers Act, also keep in mind the law imposes special duties on a person who is referred to as a "fiduciary."  An investment adviser, like the Defendant, who agrees to manage, direct, or oversee the investments of a client is a fiduciary and owes duties to the client under the law, including the following:

(i)     a duty of undivided loyalty to act always in the client's best interests and for its benefit;

(ii)    a duty to each client to exercise care in managing each client's assets; and;

(iii)   a duty of candor, which means that the adviser must not only refrain from making false or misleading statements to the client but also must affirmatively provide full and fair disclosure to the client of all important information relating to the client's investments.[53]

Because the Defendant admits that he is an investment adviser, you do not need to find that he made an affirmative misstatement to show he committed fraud.  Instead, you can find that

---

[53] *SEC v. Bluepoint Inv. Couns., LLC*, No. 19-CV-809-WMC, 2021 WL 719647, at *14 (W.D. Wis. Feb. 24, 2021); *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 17 (1979) (quoting *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 471 n.11 (1977); 15 U.S.C. § 80b-2(11); *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 194 (1963) (holding that investment advisers have "an affirmative duty of 'utmost good faith, and full and fair disclosure of all material facts,' as well as an affirmative obligation 'to employ reasonable care to avoid misleading' [their] clients") (citations omitted).

27

the Defendant committed fraud by engaging in conduct that was inconsistent with his fiduciary

duty as an investment adviser.[54]

---

[54] *In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig.*, No. 06 Civ. 643 (GEL), 2007 WL 2694469, at *7 (S.D.N.Y. Sept. 13, 2007) ("Another kind of securities fraud claim is based on conduct that is deceptive because it is inconsistent with a fiduciary duty. In claims of this kind, the fiduciary duty serves as a sort of standing false representation by the fraudster, who deceives the victim by violating the commitment associated with her fiduciary duty. Acceptance of a fiduciary duty creates an understanding that the fiduciary will behave in certain ways; if the fiduciary allows this understanding to continue while acting inconsistently with her obligations, she has deceived the victim.").

**Plaintiff's Proposed Instruction No. 17**

*Aiding and Abetting Violations of Advisers Act Sections 206(1) and 206(2)*

In the alternative to its claim that Defendant violated Sections 206(1) and 206(2) of the Advisers Act, the SEC has charged the Defendant with aiding and abetting violations of Sections 206(1) and 206(2) of the Advisers Act. If you find that the Defendant violated Sections 206(1) or 206(2), you do not need to consider whether the Defendant also aided and abetted violations of those same sections.

The SEC has the burden of proving each of the following elements by the preponderance of the evidence:

First, Catalyst Capital Advisors LLC is an investment adviser. Because Defendant admits that Catalyst Capital Advisors LLC is an investment adviser, you must now treat this fact as having been proved for the purpose of this case.

Second, Catalyst Capital Advisers, LLC, while acting as an investment adviser, did at least one of the following:

(1)    employed a device, scheme, or artifice to defraud a client or prospective client (Section 206(1)); or

(2)    engaged in a transaction, practice, or course of business which operated or would operate as a fraud or deceit upon a client or prospective client (Section 206(2)).[55]

Third, the Defendant knowingly or recklessly aided, abetted, counseled, commanded, induced, or procured Catalyst Capital Advisors LLC's violation.[56]

---

[55] 15 U.S.C. §§ 80b-6(1), (2)
[56] Adapted from Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

**Plaintiff's Proposed Instruction No. 18**

*Advisers Act Section 206(4) and Rule 206(4)-8*

The SEC has charged the Defendant with violations of Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder.  These provisions apply more specifically to conduct by investment advisers regarding pooled investment vehicles, including funds such as the Catalyst Hedged Futures Strategy Fund.[57]

Like with the Section 206(1) and 206(2) claims, the elements of these claims are substantially similar to the elements of claims under Section 17(a) of the Securities Act.[58]

To prove a violation of Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, the SEC must establish the following elements by a preponderance of the evidence:

---

[57] *SEC v. Bluepoint Inv. Couns., LLC*, No. 19-CV-809-WMC, 2021 WL 719647, at *14 (W.D. Wis. Feb. 24, 2021) ("Rule 206(4)-8 applies more specifically to conduct by investment advisers regarding pooled investment vehicles"); 7 C.F.R. § 275.206(4)–8(b) ("pooled investment vehicle" means any investment company as defined in section 3(a) of the Investment Company Act of 1940 (15 U.S.C. 80a–3(a)) or any company that would be an investment company under section 3(a) of that Act but for the exclusion provided from that definition by either section 3(c)(1) or section 3(c)(7) of that Act (15 U.S.C. 80a–3(c)(1) or (7)).)  *See also SEC v. Hansen*, 13-CV-1403, 2017 WL 1298022 at * 6 (S.D.N.Y. Mar. 31, 2017); Darla M. Fera, Money Manager's Compliance Guide ¶ 241 SECTION 206 (December 2016 Supp.) Westlaw (database updated 2021)("It is important to note that Rule 206(4)-8 applies to both registered and unregistered investment advisers that advise any "pooled investment vehicle," . . . [and] [t]he adopting release specifically names the following types of entities as being covered: hedge funds; private equity funds; venture capital funds; and other types of privately offered pools that invest in securities); *see also SEC v. Quan*, Civil No. 11-723 ADM/JSM, 2013 WL5566252 at **16-18  (D. Minn. Oct. 8, 2013).

[58] *SEC v. Bluepoint Inv. Couns., LLC*, No. 19-CV-809-WMC, 2021 WL 719647, at *14 (W.D. Wis. Feb. 24, 2021); s*ee also SEC v. Penn*, 225 F. Supp. 3d 225, 237 (S.D.N.Y. 2016) ("The elements of a claim under Section 206 are similar to the elements of a claim under Rule 10b-5 and identical to a claim under Section 17(a) of the Securities Act.") (internal citation omitted) (citing *TAMA*, 444 U.S. at 25 n.1 (White, J. dissenting)); *SEC v. Pimco Advisors Fund Mgmt., LLC*, 341 F. Supp. 2d 454, 470 (S.D.N.Y. 2004).

First, the Defendant is an investment adviser.  Because the Defendant admits that he is an investment adviser, you must now treat this fact as having been proved for the purpose of this case.

Second, the Catalyst Hedged Futures Strategy Fund was a "pooled investment vehicle." Because I have already instructed you that the Catalyst Hedged Futures Strategy Fund is a "pooled investment vehicle," you must now treat this fact as having been proved for the purpose of this case.

Third, the Defendant, as an investment adviser to the Catalyst Hedged Futures Strategy Fund:

(1)     made a materially misleading statement to any investor or prospective investor in the Catalyst Hedged Futures Strategy Fund; or

(2)     omitted to state a material fact necessary to make statements made to any investor or prospective investor in the Catalyst Hedged Futures Strategy Fund, in light of the circumstances under which they were made, not misleading; or

(3)     otherwise engaged in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the Catalyst Hedged Futures Strategy Fund.[59]

The definition of a device, scheme, or artifice to defraud, and the definition of engaging in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon any person, are the same as previously discussed.  There can be a violation of Section 206(4) and

---

[59] 15 U.S.C. § 80b-6(4) and 17 CFR § 275.206(4)-8.

Rule 206(4)-8 regardless of whether the pooled investment vehicle is offering, selling or redeeming securities.[60]

In addition, violations of Section 206(4) and Rule 206(4)-8 do not require a showing of scienter; instead, negligence is sufficient.[61]

Finally, facts showing a violation of Section 17(a) of the Securities Act by an investment adviser also will support a showing of a violation of Advisers Act Section 206(4) and Rule 206(4)-8.[62]

---

[60] *See* Fera, *supra* at ¶ 241 SECTION 206 (New Rule 206(4)-8(a)(1) prohibits any investment adviser to a pooled investment vehicle from making an untrue statement of a material fact to any investor or prospective investor in the pooled investment vehicle, or omitting to state a material fact necessary in order to make the statements made to any investor or prospective investor in the pooled investment vehicle, in the light of the circumstances under which they were made, not misleading. This section prohibits advisers to pooled investment vehicles from making any materially false or misleading statements to investors in the pool regardless of whether the pool is offering, selling, or redeeming securities.)

[61] *SEC v. Nutmeg Group, LLC*, 162 F.Supp.3d 772, 775-76 (N.D. Ill. 2016)(referencing *In re Reserve Fund Sec. & Derivative Litig.*, 2013 WL 5432334, at *10-12 (S.D.N.Y. Sept. 30, 2013); *SEC v. Yorkville Advisors, LLC*, 2013 WL 3989054, at *3 (S.D.N.Y. Aug. 2, 2013).); *See also SEC v. Conrad*, 353 F.Supp.3d. 1330, 1351 (N.D. Ga.2019).

[62] *SEC v. Steadman*, 967 F.2d 636, 647 (D.C. Cir. 1992) (reasoning that language of Section 206(4) resembles that of Section 17(a)(3) of the Securities Act); *SEC v. Quan*, Civil No. 11-723 ADM/JSM, 2013 WL5566252 at * 16 (D. Minn. Oct. 8, 2013); *SEC v. Haligiannis*, 470 F. Supp. 2d 373, 383 (S.D.N.Y. 2007); *Prohibition of Fraud by Advisers to Certain Pooled Investment Vehicles*, SEC Release No. 8766, 2006 WL 3814994, at *5-*7 (Dec. 27, 2006).

**Plaintiff's Proposed Instruction No. 19**

***Aiding and Abetting Violations of Advisers Act Section 206(4) and Rule 206(4)-8 Thereunder***

In the alternative to its claim that Defendant violated Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, the SEC has charged the Defendant with aiding and abetting violations of Sections has charged the Defendant with violations of Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder. If you find that the Defendant violated Section 206(4) and Rule 206(4)-8 thereunder, you do not need to consider whether the Defendant also aided and abetted violations of that same section and rule.

The SEC has the burden of proving each of the following elements by the preponderance of the evidence:

First, Catalyst Capital Advisors LLC is an investment adviser.  Because Defendant admits that Catalyst Capital Advisors LLC is an investment adviser, you must now treat this fact as having been proved for the purpose of this case.

Second, the Catalyst Hedged Futures Strategy Fund was a "pooled investment vehicle." Because I have already instructed you that the Catalyst Hedged Futures Strategy Fund is a "pooled investment vehicle," you must now treat this fact as having been proved for the purpose of this case.

Third, Catalyst Capital Advisors LLC, as an investment adviser to the Catalyst Hedged Futures Strategy Fund:

(1)     made a materially misleading statement to any investor or prospective investor in the Catalyst Hedged Futures Strategy Fund; or

(2)     omitted to state a material fact necessary to make statements made to any investor or prospective investor in the Catalyst Hedged Futures Strategy Fund, in light of the circumstances under which they were made, not misleading; or

(3)     otherwise engaged in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the Catalyst Hedged Futures Strategy Fund.[63]

Fourth, that the Defendant knowingly or recklessly aided, abetted, counseled, commanded, induced, or procured Catalyst Capital Advisors LLC's violation.[64]

---

[63] 15 U.S.C. § 80b-6(4) and 17 CFR § 275.206(4)-8.
[64] Adapted from Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused true and correct copies of the foregoing document to be served upon all counsel of record via the federal courts' Electronic Case Filing System CM/EFC on March 4, 2022.


_____ /s/ James L. Kopecky_____

36