UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 20 Civ. 75 (WMC), consolidated with<br>) No. 20 Civ. 76 (WMC) |
| EDWARD S. WALCZAK, | )<br>) |
| Defendant; | )<br>) |
| SECURITIES AND EXCHANGE COMMISSION, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 20 Civ. 76 (WMC), consolidated with<br>) No. 20 Civ. 75 (WMC) |
| EDWARD S. WALCZAK, | )<br>) |
| Defendant | ) ECF Case |

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS' TRIAL EXHIBITS

Plaintiffs United States Securities and Exchange Commission ("SEC") and Commodity Futures Trading Commission ("CFTC") respectfully submit their attached objections to Defendant's Trial Exhibit List. The below objections and reservations are incorporated into the attached objections.

Plaintiffs continue their trial preparations and reserve the right, in appropriate circumstances and in accordance with applicable Federal Rules, Local Rules and Court Orders, to amend, supplement, and/or withdraw its objections to Defendant's exhibits including, but not limited to, in response to further negotiations between the parties, Court orders and rulings, and other developments in the case. Plaintiffs also reserve the right to lodge objections to exhibits, not included on this list, which Defendant seeks to use for purposes of impeachment.

Plaintiffs' objection to the admission of a document on Defendant's exhibit list is not an admission that a document would be objectionable for use by Plaintiffs. Nor is Plaintiffs' failure to object an admission that a document would be appropriate for use with any witness; Plaintiffs reserve the right to object to any exhibit not objected to below or in the accompanying chart that is not properly offered through an appropriate sponsoring witness. Plaintiffs expressly reserve the right to object to any attempted improper or inadmissible use or introduction of the listed exhibits by Defendant.

Plaintiffs state the following to further explain certain listed objections:

**Summary Exhibits**

Plaintiffs object to all of Defendant's summary exhibits. (*See* DX 650, 934–942, 986, 989, and 991–1001.) As a threshold matter, these exhibits were all produced for the first time at 1PM Central Time, on March 31, 2022, the day objections are due, and after the second of two meet-and-confers had concluded. Moreover, given the short time that Plaintiffs have had to review the summary exhibits and respond, we reserve the right to object further upon closer inspection.

On the substance of these exhibits, Plaintiffs object as follows:

*DX 650, DX 992: CWXAX Historical Pricing*

Defense counsel claims the data provided in these spreadsheets comes from public sources, but does not identify what those public sources are, so the data is impossible to verify. Defendant has also failed to identify what "CWXAX" refers to. Moreover, the date range for the data is 2005 through 2021—a far broader date range than is relevant to this case.

*DX 942: Historical Data Spreadsheet*

It is unclear, from the face of this document, what it is. It was not produced by Defendant; and we are not aware of it being produced to Plaintiffs by anyone else. Defense counsel represents

that the exhibit was created by Larry Lai, who both was hired by Catalyst and created this document *after* the relevant period. Plaintiffs have no way to verify how Mr. Lai compiled this "summary" or the information upon which the summary is based. Defense counsel claims that the exhibit is based on underlying Manamu reports. Defense counsel does not dispute, however, the Manamu reports were rife with accuracy issues through February 2017—a fact borne out by several email exhibits on Defendant's list. Therefore, the Manamu reports are not reliable as a foundation for this summary. Finally, to the extent the summary relates to any date after February 2017, it is irrelevant to the facts of the case.

### DX 989: RVOL & VIX

RVol has never been mentioned by anyone in this case before. It is irrelevant.

### DX 991: "ED Output Corrected for April 2016"

It is unclear from the face of this document what it is or who created it. The document contains eight tabs composed of voluminous data. The columns are not clearly defined. According to Defense counsel, the exhibit "came from" trade logs, but there are no trade records apparent in this summary exhibit. Defense counsel has not explained how this document was created or by whom. The document appears to contain mathematical calculations and analysis that would typically be found in an expert report and that have not been disclosed before in this case. Notably, on certain graphs contained in the exhibit, terms such as "Trades" are not defined, nor are the y-axes of certain graphs. Finally, much of the data in the chart extends into 2018, beyond the scope of the relevant time period in this case.

### DX 994: Summary Exhibit Manamu Compilation

This spreadsheet purports to be a summary of Manamu reports but its relationship to the Manamu reports is unclear. For example, there is no column in the Manamu reports called

"uncovered short calls per $1MM" yet that is one of the substantive data columns in this summary. Also, "call open option premium" does not exactly match any column in the Manamu report either. Finally, the creator of this exhibit has not been identified.

*DX 995: Summary Ex. Fund Volatility Correlation*

Defendant claims that this summary "came from DX 650 and DX 825," but that is a mischaracterization of the summary exhibit. This exhibit contains twelve separate tabs with voluminous data. More importantly, it contains substantive mathematical analysis—akin to an expert report—that has never before been disclosed. Finally, the creator of this exhibit has not been identified.

*Remainder of Summary Exhibits (DX 934–941, 986, 993, and 996–1001)*

Defense counsel represents that the remainder of the exhibits "came from" one of the exhibits referenced above. They appear to be various charts and graphs extrapolated from the voluminous data in the spreadsheets, but Plaintiffs have been unable to verify that. Further, many of them display data extending into 2019 or later, and appear to be presenting mathematical analysis unsupported by previously disclosed expert reports. Two of the exhibits—665 and 986—appear to be a correlation volatility profile report prepared by Daniel Saffrin, and summary exhibit of that report, that the Court has already ruled to be inadmissible in its Order on motions *in limine*. (Mar. 23, 2022, Order at 7.) To the extent that these exhibits summarize the previously discussed summary exhibits, they are objectionable for the same reasons discussed above.

**Open House Call Recordings and Transcripts**

Plaintiffs object, on relevance grounds, to the admission of all open house calls (and corresponding transcripts) on Defendant's exhibit list that are not on Plaintiffs' exhibit list. As the Court ruled in its March 23, 2022 Order on motions *in limine*, Defendant cannot introduce "tomes

of disclosures and hours upon hours of call transcripts" without "present[ing] those materials through a witness." (Mar. 23, 2022, Order at 10–11.) Introducing such voluminous evidence, without specifically identifying specific statements that "offer[] important context to plaintiffs' identified misrepresentations," would overwhelm and confuse the jury. *Id.*; *see also* Fed. R. Evid. 403. Without specifically identifying statements on these additional Open House Calls that Defendant believes are relevant, Plaintiff cannot evaluate the purpose for which they might be offered or whether they might be relevant. In addition, many of the corresponding transcripts on the defense exhibit have never been produced and therefore Plaintiffs have not had the chance to confirm their reliability. Plaintiffs therefore objects to the following Defense Exhibits: 511, 518, 729, 731, 734, 735, 736, 738, 740, 741, 744, 747, 750, 756, 758, 760, 761, 762, 766, 767, 768, 770, 771, 772, 773, 774, 918, 924, 925, 950-57, 959-965, 967-973, 977-985.

**Harbor Fund Documents**

Plaintiffs object to the admission of documents relating to the Harbor Fund and separately managed accounts ("SMAs") run by the Defendant prior to the conversion of the fund to a mutual fund operated by Catalyst. Documents relating to the Harbor Fund and SMAs are irrelevant as they do not relate in any way to representations made by Defendant about how he managed risk in the Catalyst Hedged Futures Strategy Fund. Plaintiffs therefore object to the following Defense Exhibits: 549, 550, 563, 564, 618, 631, 648–50, 680.

Dated: March 31, 2022  Respectfully submitted,

/s/ Michael D. Foster
David F. Benson (bensond@sec.gov)
Michael D. Foster (fostermi@sec.gov)
Jake Schmidt (schmidtj@sec.gov)
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604
Telephone: (312) 353-7390
Attorneys for Plaintiff

Securities and Exchange Commission

Dated: March 31, 2022          Respectfully submitted,

COMMODITY FUTURES TRADING COMMISSION

Manal M. Sultan
Deputy Director

By:     */s/ Samuel Wasserman*
        Samuel Wasserman
        Peter Janowski
        Meredith Borner
        David Acevedo

Division of Enforcement
Ted Weiss Office Building
290 Broadway, Suite 600
New York, New York, 10007
(646) 746-9700

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 31, 2022, I served a true and correct copy of the foregoing filing on all counsel of record through the Court's ECF filing system.

                                                 /s/ Michael D. Foster
                                                 Michael D. Foster